**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ASUNCION CRUZ, | No. 17-72590 |
| Petitioner, | Agency No. A093-468-549 |
| v. | |
| MATTHEW WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2018[**]

Before: FARRIS, TROTT, and TALLMAN, Circuit Judges.

Jose Asuncion Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Cruz does not challenge the agency's conclusion that he failed to establish past persecution on account of a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). As for Cruz's claim of a fear of future persecution, we agree with the BIA's determinations that (1) Cruz failed "to establish that the harm he fears will be on account of a protected ground," and (2) that the record is devoid of any evidence that the harm he fears "will be on account of his relationship to his children." On the facts here, *Barajas-Romero v. Lynch*, 846 F.3d 10 351 (9th Cir. 2017) does not change those conclusions. In summary, we agree with the BIA that Cruz did not establish a "well-founded fear" of persecution should he return to Mexico.

Moreover, substantial evidence supports the agency's determination that Cruz could safely relocate in Mexico and that it would be reasonable for him to do so. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B).  Under 8 C.F.R. §1208.13(b)(3)(i), Cruz bore the burden of establishing that relocation would not be reasonable. The IJ and the BIA concluded after careful consideration of the evidence that he had failed to meet his burden. We agree. Cruz admitted that he had not "looked into whether he could move somewhere else in Mexico with the

money [he has]." [Transcript of Hearing of February 9, 2016, p. 113 in our Certified Administrative Record.] Thus, Cruz's asylum and withholding of removal claims fail. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (internal relocation finding supported even in the face of somewhat contradictory or ambiguous background information).

Substantial evidence also supports the agency's denial of CAT relief because Cruz failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**